# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14-cv-00687-RJC-DCK

| | |
|---|---|
| SAMUEL LAMONT SHORT, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| BRICK TRIPP, et al., | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court sua sponte. Plaintiff filed his Complaint on December 11, 2014. (Doc. No. 1). Although Plaintiff initially attempted to pay the filing fee with a money order, the money order was returned on December 29, 2014, because the routing number was fraudulent. No summons was ever issued, and Plaintiff has done nothing to advance this case since filing his Complaint in December 2014.

A district court has the authority to dismiss a plaintiff's action because of his failure to prosecute or his failure to comply with a court order, either upon a defendant's motion or sua sponte. Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962). Federal Rule of Civil Procedure 41(b) provides as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

It is Plaintiff's burden to prosecute this case. He has had ample opportunity to move this case forward; however, after more than 600 days, he has failed to do so. Such a failure constitutes a failure to prosecute. Link, 370 U.S. at 630. Accordingly, the Court finds that dismissal of Plaintiff's case with prejudice is warranted pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint be **DISMISSED with prejudice**. The Clerk of Court is respectfully directed to close this case.

Signed: August 25, 2016

Robert J. Conrad, Jr.
United States District Judge